UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OMAR GONZALES, OLIVERO GONZALES, BALDEMAR GONZALEZ, JR., CRISTOBAL ELOY LASO | § § § § | CIVIL ACTION NO._____ |
| *Plaintiffs* | § § | |
| V. | § § | JURY TRIAL DEMANDED |
| COIL TUBING SERVICES, L.L.C. | § § | |
| *Defendant* | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Omar Gonzales, Olivero Gonzales, Baldemar Gonzalez, Jr., and Cristobal Eloy Laso (plaintiffs) bring this action against COIL TUBING SERVICES, L.L.C. (Coil Tubing or defendant), and for cause of action would show as follows:

### SUMMARY

1. This is an action for unpaid wages and overtime that is owed pursuant to the Fair Labor Standards Act and the Texas Labor Code.

2. Plaintiffs demand a jury on all issues triable to a jury.

### PARTIES

3. At all times material hereto, plaintiffs were employed by Coil Tubing Service, L.L.C. as service technicians.

4. Defendant Coil Tubing is a corporation that does business within the State of Texas and is engaged in the business enterprise of servicing and maintenance of well work operations. Coil Tubing is an

"employer," as that term is defined in the Fair Labor Standards Act. Coil Tubing is obliged to comply with the Fair Labor Standards Act, including its minimum and overtime wage requirements for non-exempt employees.

## JURISDICTION

5. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331. This case arises under the laws of the United States of America.

6. The Court has personal jurisdiction over Coil Tubing since it employed plaintiffs within Texas. Therefore, Coil Tubing has sufficient contacts with the State of Texas to establish general jurisdiction over it.

7. Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b), since all of the events or omissions giving rise to the claims asserted herein occurred within the Southern District of Texas.

## COUNT ONE: VIOLATION OF THE FLSA

8. During the period from November 1, 2005 through present, Coil Tubing employed plaintiffs in the aforesaid enterprise and willfully failed to pay them wages and overtime compensation for periods of time which they suffered and permitted the plaintiffs to work including, but not limited to, periods of time required for employment duties which include, but are not limited to the servicing and maintenance of well work operations and related duties for defendant's business enterprise, contrary to the requirement of

Section 6 of the FLSA, 29 U.S.C. § 206. Coil Tubing made such uncompensated work a part of its policy or practice with respect to plaintiffs.

9. During the period from November 1, 2005 through present, Coil Tubing willfully employed plaintiffs in the aforesaid enterprise for work weeks longer than forty (40) hours and failed to compensate them for their employment in excess of forty (40) hours per week at a rate of at least one-and-one-half (1 ½) times the regular rate at which they were employed, contrary to the requirements of Section 7 of FLSA, 29 USC § 207. This policy or practice has affected scores of Coil Tubing employees since November 1, 2005.

## ATTORNEY'S FEES

10. Plaintiffs also plead for recovery of attorney's fees and costs associated with bringing this action.

## RELIEF REQUESTED

11. Plaintiffs pray for the following relief:

    a. judgment for the plaintiffs and against Coil Tubing Services, L.L.C. on the basis of Coil Tubing Service, L.L.C.'s willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

    b. all unpaid wages owed to plaintiffs;

    c. as liquidated damages, an amount equal to those unpaid wages;

d. all unpaid overtime wages owed to plaintiffs;

e. injunctive relief necessary to prevent future violations of the Act's requirement that accurate records be kept and notices be posted;

f. reasonable attorney's fees;

g. taxable court costs and expert witness fees;

h. pre-judgment and post-judgment interest as allowed by law; and

i. for such other and further relief to which plaintiffs may be justly entitled.

        Respectfully submitted,

        ABRAHAM, WATKINS, NICHOLS, SORRELS,
          AGOSTO & FRIEND

        <u>/s/ Clyde J. "Jay" Jackson, III</u>
        Clyde J. "Jay" Jackson, III
        Attorney-in-Charge for Plaintiff
        Texas State Bar No.: 10502500
        Southern District Bar No.: 1241
        800 Commerce Street
        Houston, Texas 77002
        Telephone: (713) 222-2700
        Telecopier: (713) 225-0827
        Email: jjackson@abrahamwatkins.com

        Clark Woodson, III
        LAW OFFICES OF CARK WOODSON, III
        Texas State Bar No.: 00794880
        Southern District Bar No.: 21481
        601 E. Myrtle
        Angleton, Texas 77515
        Telephone (979) 849-6080
        Telecopier (979) 849-7070
        Email: clark@woodsonlaborlaw.com

**ATTORNEYS FOR PLAINTIFFS**